The Supplemental Memorandum Decision and Order below
is hereby signed. Dated: June 23, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WILLIAM EARLY, | ) | Case No. 05-01354 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| KEVIN R. McCARTHY, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 05-10079 |
| FINANCIAL FREEDOM SENIOR | ) | |
| FUNDING CORPORATION, | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |
| Defendant. | ) | |

SUPPLEMENTAL MEMORANDUM DECISION
AND ORDER RE CROSS-MOTIONS FOR SUMMARY
JUDGMENT, AMENDING PRIOR MEMORANDUM DECISION AND ORDER,
<u>AND DIRECTING THE PARTIES TO FILE A STATUS REPORT IN OCTOBER 2008</u>

On May 28, 2008, the court held a scheduling conference to address the further course of this proceeding after entry of the court's Memorandum Decision and Order of May 12, 2008. At that hearing, the court set a schedule for discovery because the defendant, Financial Freedom Senior Funding Corporation, had not

yet consented to a sale of the entire lien it was granted on the debtor's and his wife's real property (the "Property"). Financial Freedom has now filed a consent to the sale by the plaintiff McCarthy, as chapter 7 trustee, of the entire lien subject to higher and better offers, and subject to the right of Financial Freedom to credit bid under 11 U.S.C. § 363(k) its unavoided portion (one-half) of the lien. This addresses the effect of that consent.

I

The court's prior Memorandum Decision and Order ruled that the lien was avoided to the extent that it was a transfer of the debtor's interest in the Property (but not of the wife's interest in the Property). The reason the court denied Financial Freedom's motion for partial summary judgment (seeking a decree that the plaintiff was not entitled to a monetary judgment) was that a sale of only the part of the lien that was granted by the debtor would likely not yield one-half of the amount that a sale of the entire lien would yield.

A sale of that entire lien is the most efficient way of fixing the fair market value of the avoided lien on the debtor's interest in the Property. McCarthy is therefore not entitled to a monetary judgment against Financial Freedom for one-half of the balance due under the avoided deed of trust and related loan agreement, and Financial Freedom is entitled to partial summary

judgment in its favor unless an attempt by the trustee to sell the entire lien were to prove infeasible for some reason, regulatory or otherwise.

## II

As McCarthy notes, it is doubtful that the court would permit a sale of the entire Property because of the hardship that would cause for the debtor's wife, and thus he has not sought to sell the Property.  He proceeded instead by way of attempting to obtain a monetary judgment for the value of the lien he avoids or to sell the lien he avoids.  The lienor's consent to a sale of the entire lien will assure that the estate realizes one-half of the value of the entire lien, whereas a sale of only the lien on the debtor's interest in the Property might yield far less because a purchaser might not want to be a co-owner with Financial Freedom of the lien on the Property.

McCarthy contended that he would have difficulty proceeding pursuant to having the lien preserved for the benefit of the estate under § 551 instead of recovering a monetary judgment.  He so contended, for one reason, because he would likely not be able to sell the entire Property under § 363(b) because he would not likely be able to show under 11 U.S.C. § 363(h)(3) that "the benefit to the estate of a sale of such property free of the interests of [the debtor's wife] outweighs the detriment . . . to [the debtor's] wife."  In the court's prior Memorandum Decision

and Order, the court opined that:

> [T]he avoided and preserved lien would not give McCarthy the right to attempt to sell even the debtor's interest in the Property under § 363(b). The lien would not confer title to the Property on the estate, and thus McCarthy is not entitled to sell title to the Property under § 363(b). Were the law otherwise, a debtor who files a bankruptcy case could see his home sold under § 363(b) by the trustee who avoids an unperfected lien on the home even though the debtor is current on the mortgage and was looking to live there indefinitely by continuing to make mortgage payments. Congress surely did not intend that result.

McCarthy v. Fin. Freedom Senior Funding Corp. (In re Early), No. 05-10079, 2008 WL 2073917, at *3 (Bankr. D.D.C. May 12, 2008). The court further observed that:

> A trustee's rights pursuant to the lien to which she is subrogated pursuant to § 551 are no greater than those of the creditor who held the avoided lien. Accordingly, except as provided by nonbankruptcy law, the avoided lien here does not give the trustee a right to sell the debtor's interest in the Property itself. Under nonbankruptcy law, the avoided lien does not give McCarthy an ownership interest in the Property, it only gives him the enforcement rights available to a lienor.

Id. at * 4. [Citation and footnote citing additional decisions omitted.] At the scheduling conference, McCarthy challenged the correctness of that reasoning on the question addressed. If the debtor's granting of a lien was a conveyance of an interest in the Property, McCarthy notes, then that interest becomes property of the estate upon avoidance, and a trustee should be entitled to attempt to sell that interest (and to request to sell the entire Property pursuant to § 363(b)) even though the Property was the debtor's residence which would have been fully exemptible under

4

District of Columbia law had the conveyance of the lien not been made.  Upon avoidance of the lien interest, the debtor is not entitled to exempt that interest in the Property.  Accordingly, argues McCarthy, he should be able to sell the debtor's interest in the Property.  Although the lien is preserved for the benefit of the estate (thus giving the trustee priority over later liens filed after belated perfection of the avoided lien), and the trustee's rights in enforcing the lien are no greater than those the lienor would have enjoyed, that does not answer whether the recovery of the interest in the property that was transferred by way of the conveyance of the avoided lien entitles the trustee to sell what was the debtor's interest in the property as property of the estate under 11 U.S.C. § 363.

A possible response to McCarthy's arguments is as follows.  Section 522(b)(1) provides that "an individual debtor may exempt from property of the estate" certain property, including (if the debtor elects nonbankruptcy law exemptions) property exempt under the applicable state's law.  Here, District of Columbia law permitted the debtor an unlimited exemption of his residence.  In turn, 11 U.S.C. § 522(c)[1] provided in relevant part:

> Unless the case is dismissed, property exempted under this section is not liable during or after the case for

---

[1] The version of § 522(c) applicable to this case is the version in effect before the effective date of 2005 amendments to the Bankruptcy Code, but those amendments would not have altered the analysis.

5

>    any debt of the debtor that arose, or that is
>    determined under section 502 of this title as if such
>    debt had arisen, before the commencement of the case,
>    except--
>        (1) a debt of a kind specified in section
>        523(a)(1) or 523(a)(5) of this title; [or]
>        (2) a debt secured by a lien that is--
>            (A)(i) not avoided under subsection (f) or
>            (g) of this section or under section 544,
>            545, 547, 548, 549, or 724(a) of this title;
>            and
>                (ii) not void under section 506(d) of this
>            title[.]

This suggests that a property may be claimed as exempt from being property of the estate even though subject to a lien, with § 522(c) then addressing the effect of the lien on the property. When a trustee avoids such a lien, and it is preserved for the benefit of the estate under § 551 and made property of the estate under § 541(a)(4), she can look to enforcement of that lien (not avoided in *her* hands once preserved for the benefit of the estate) as a property interest of the estate that may be enforced as a lien that remains effective by reason of § 522(c). But when the debtor has exempted the entire ownership interest, the only interest recovered via avoidance is the avoided lien, not an ownership interest in the property.

In contrast, if the amount of the debtor's exemption was less than the value of the property, the property remains property in which the estate has the ownership interest under § 541, with the debtor's exemption claim being a right to payment from the property the amount of the claimed exemption. In that

circumstance, a trustee is free to sell the property.  She is required to distribute the proceeds first to the debtor in payment of the debtor's claimed exemption, but she is entitled to the balance of the proceeds to use to pay claims in the case.  This case, however, is not one in which the debtor exempted less than his full ownership interest in the Property.

Nevertheless, the question of whether a trustee, upon avoiding a lien on property whose ownership interest has been claimed as fully exempt, may sell the property under 11 U.S.C. § 363 (in lieu of enforcing the avoided lien), is a serious question, and a decision regarding that issue does not appear to be necessary to the court's decision of this proceeding, as the trustee is not attempting to sell the entire Property (or even the debtor's ownership interest in the Property).  Accordingly, the court withdraws from its observations on the question that it made in the prior Memorandum Decision and Order (without deciding whether those observations were correct or in error), and will address the question anew should it arise in some future case.

                              III

In light of the foregoing, it is

ORDERED that the trustee shall proceed in the main case to attempt to sell the entire lien, subject to the receipt of higher and better offers, and subject to the right of Financial Freedom to credit bid under 11 U.S.C. § 363(k) for its unavoided portion

7

(one-half) of the entire lien, and Financial Freedom shall be entitled to partial summary judgment in its favor based upon this court's ruling that a monetary judgment against Financial Freedom is not appropriate unless an effort by the trustee to sell the entire lien proves infeasible for some reason.  It is further

ORDERED that the scheduling order resulting from the scheduling conference is stayed unless a party shows good cause why the scheduling order ought not be stayed.  It is further

ORDERED that the parties file a status report in this case during the month of October 2008 to alert the court to whether the efforts in the main case to sell the entire lien have reached a stage that permits entry of a final judgment concluding this adversary proceeding or whether, instead, those efforts have not yet concluded.  It is further

ORDERED that the Memorandum Decision and Order dated May 12, 2008, is amended by replacing the sentence reading:

> The holding in In re Salintro ought not apply when the avoided lien is not preserved intact without having been diminished via enforcement or other events, then a monetary recovery under § 550 may be necessary and appropriate.

with the following:

> The holding in In re Salintro ought not apply when the avoided lien is not preserved intact without having been diminished via enforcement or other events.  In that circumstance, a monetary recovery under § 550 may be necessary and appropriate.

[Signed and dated above.]

8

Copies to: All counsel of record; Office of U.S. Trustee.

9

D:\TEKS\Laura\OPINIONS\McCarthy v Financial Freedom\McCarthy v Financial Freedom - co-owners avoidable reverse mortgage lien_order re lienor's consent to sale of entire lien_v3.wpd